**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH-ANN K. MOTOYAMA, | No. 12-15910 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00464-ACK-RLP |
| v. | |
| STATE OF HAWAII, DEPARTMENT OF TRANSPORTATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Elizabeth-Ann K. Motoyama appeals pro se from the district court's

summary judgment in her employment action alleging, among other claims,

retaliation under Title VII of the Civil Rights Act ("Title VII") and the Americans

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel denies Motoyama's request for oral argument, set forth in her opening brief, and unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1169 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Motoyama's Title VII retaliation claim, and her retaliation claim under Title I of the ADA against defendant Okimoto for prospective injunctive relief, because Motoyama failed to raise a genuine dispute of material fact as to whether there was a causal connection between her engagement in a protected activity and an adverse employment action against her. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (elements of prima facie Title VII retaliation case); *Pardi v. Kaiser Found. Hosps., Inc.*, 389 F.3d 840, 849-50 (9th Cir. 2004) (elements of prima facie case of retaliation under Title I of the ADA); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir. 1996) (employee who handles discrimination complaints as part of the job is not engaged in protected activity under Title VII). Further, even if Motoyama had established a prima facie case of retaliation under Title VII or Title I of the ADA, she failed to submit "specific" and "substantial" evidence to raise a triable dispute as to whether defendants' legitimate reason for adverse employment action was a mere pretext. *Vasquez*, 349 F.3d at 642.

The district court properly granted summary judgment on Motoyama's

retaliation claims under Title I of the ADA against the State of Hawaii Department of Transportation, and against defendant Okimoto in his official capacity for past violations, because these claims are barred by sovereign immunity. *See Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) (Congress did not validly abrogate states' sovereign immunity under Title I of the ADA); *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (claims against a state official capacity can only proceed if they seek to enjoin an ongoing violation, not a past violation).

The district court properly granted summary judgment on Motoyama's retaliation claim under Title II of the ADA because "Congress unambiguously expressed its intent for Title II not to apply to employment." *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999).

Given Motoyama's pro se status, we deny defendants' request to summarily deny this appeal due to her violations of various rules of appellate procedure.

We reject Motoyama's contentions regarding her allegedly inaccurate deposition transcript; the public policy reasons why states should not be immune from disability discrimination claims under Title I of the ADA; and the court's alleged failure to consider all of Motoyama's investigations, to view the evidence in the light most favorable to her, or to allow her to conduct discovery.

**AFFIRMED.**